UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES A. JOSEPH, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-04-1886 |
| § | |
| JOHN E. POTTER, POSTMASTER § | |
| GENERAL, U.S. POSTAL SERVICE, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before Court are Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or Alternatively Motion for Summary Judgment Pursuant to Rule 56 (Docket # 29) and Defendant's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure (Docket # 28). For the reasons set forth below, both motions are **GRANTED**.

### I. Background

This case arises from Plaintiff's claims for race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), and for age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"). In November 2003, Plaintiff was employed by Defendant as Postmaster at the Pasadena Post Office. On November 7, 2003, he was informed by C.O. Sylvester, Manager of Post Office Operations for the Houston District, that complaints had been filed against him for allegedly failing to report delayed mail and for allegedly circumventing Defendant's rules for reporting sick leave. Mr. Sylvester informed Plaintiff that an investigation was being conducted into these complaints, and that Plaintiff would be put on a temporary detail assignment during the investigation with a "Function Four Team." Plaintiff

informed Mr. Sylvester that he would not report to the temporary detail, but would instead go on sick leave. Plaintiff initially contacted an Equal Employment Opportunity ("EEO") counselor on November 17, 2003, and alleged that he was being demoted because of his race (African-American) and age (at that time, sixty-one years). Plaintiff had his initial interview with an EEO counselor on December 2, 2003, and on December 31, 2003, Plaintiff received, via certified mail, a notice of his right to file a formal complaint of discrimination. This notice advised Plaintiff that, should he wish to file a formal EEO complaint of discrimination with Defendant, he must do so within fifteen calendar days of receiving the notice. On January 23, 2004, Plaintiff mailed his formal EEO complaint of discrimination to Defendant, which Defendant received on January 27, 2004. On February 11, 2004, Defendant issued a final agency decision denying Plaintiff's formal EEO complaint as untimely filed.

Plaintiff subsequently filed this lawsuit, contending that Defendant discriminated against him on the basis of his race and age, in violation of Title VII and the ADEA. Defendant has filed a motion to dismiss Plaintiff's suit, or in the alternative, for summary judgment, on the ground that Plaintiff failed to exhaust his administrative remedies by untimely filing his formal EEO complaint. Plaintiff asserts, in response, that the Court should apply equitable principles of waiver, estoppel, or equitable tolling, to excuse his technical failure to exhaust administrative remedies. Defendant has also filed a motion for summary judgment on two additional bases. First, Defendant asserts that 42 U.S.C. § 1983, under which Plaintiff asserts jurisdiction, does not apply to discrimination suits against the federal government. Second, Defendant contends that Plaintiff cannot make out a prima facie case of race or age discrimination, because he cannot demonstrate that he suffered an adverse employment action. Having considered the parties' briefs, the Court concludes that these motions should be granted and the case dismissed.

**II. Motion to Dismiss for Failure to Exhaust Administrative Remedies**

*A. Administrative Exhaustion Requirement*

The exhaustion of administrative remedies is a prerequisite to filing suit, under either Title VII or the ADEA, in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (Title VII claim); *Coke v. Gen. Adjustment Bureau, Inc.*, 640 F.2d 584, 595 (5th Cir. 1981) (en banc) (ADEA claim).[1]  In order to exhaust administrative remedies, a plaintiff must comply with the EEO regulations set forth at  29 C.F.R. § 1614.105.  First, a federal employee claiming discrimination must contact an EEO counselor within forty-five days of the allegedly discriminatory incident.  29 C.F.R. § 1614.105(a)(1).  If the claim is not resolved at this stage, the EEO counselor has thirty days in which to notify the employee of his right to file a formal discrimination complaint with the employing agency.  29 C.F.R. § 1614.105(d).  The employee then has fifteen days from receiving this notice to file a formal complaint of discrimination.  29 C.F.R. §1614.105(d).  If the employee fails to file his or her formal complaint within this fifteen-day period, the agency may dismiss the complaint.  29 C.F.R. § 1614.107(a)(2).

If an employee fails to file a formal EEO complaint within fifteen days of receiving notice of his right to do so, he has failed to timely exhaust his administrative remedies, and he is therefore barred from pursuing his discrimination claim in federal court.  *Oaxaca v. Roscoe*, 641 F.2d 386, 388 (5th Cir. 1981) (concluding that a federal court properly dismisses a claim where

---

[1] While exhaustion of administrative remedies is always required for Title VII claims, claimants under the ADEA may choose between either pursuing their administrative remedies through their employing agency and the EEOC, or proceeding directly to federal court.  *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5-6 (1991); 29 C.F.R. § 1614.201(a).  Once a plaintiff has decided to pursue his ADEA claim though the EEO administrative process, however, he must exhaust these administrative remedies before filing an action in federal court. *See White v. Frank*, 895 F.2d 243, 244 (5th Cir. 1990) (per curiam).  Thus, because Plaintiff sought EEO counseling and pursued both his Title VII and ADEA claims administratively, he is required to exhaust his administrative remedies with respect to both claims.

the plaintiff has failed to timely comply with administrative filing requirements); *see also Casimier v. U.S. Postal Serv.*, 142 Fed. Appx. 201, 204 n.1 (5th Cir. 2005) (finding that a plaintiff had failed to timely exhaust his administrative EEO remedies by failing to file a formal EEO complaint within fifteen days of receiving notice of his right to do so).[2] However, the time limits for filing an EEO administrative complaint are subject to equitable tolling. 29 C.F.R. § 1614.604(c); *Oaxaca*, 641 F.2d at 391. The Fifth Circuit has identified a number of bases for equitable tolling, including (1) the pendency of a suit between the parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003). A party who invokes equitable tolling bears the burden of demonstrating that it applies in his case. *Id.*

## B. Plaintiff's Failure to Timely Exhaust Administrative Remedies

Here, Plaintiff concedes that he failed technically to exhaust his administrative remedies, by filing his formal EEO discrimination complaint more than fifteen days after receiving notice of his right to file such a complaint. Plaintiff asserts, however, that equitable tolling should apply, citing two primary reasons for his delay in submitting his formal complaint. First, Plaintiff contends that his attorney, Ray Shackelford, suffered a branch vein occlusion stroke in his right eye on January 13, 2004, just prior to the deadline for submitting Plaintiff's formal EEO complaint. Shackelford Aff. ¶ 3. As a result of this condition, Mr. Shackelford's treating ophthalmologist prescribed him medication and restricted him from work for seven business

---

[2] There is some disagreement within the Fifth Circuit as to whether a plaintiff's failure to comply with the requirements of 29 C.F.R. § 1614.105 deprives a federal court of subject matter jurisdiction, *see Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997), or whether compliance is instead a precondition to prosecuting a suit in federal court, *see Oaxaca*, 641 F.2d at 388. The Court need not decide this issue, however, as the applicable administrative requirements and equitable principles are the same in either case, and the parties have had the opportunity to address these issues here.

4

days.  Shackelford Aff. ¶ 4;  Lucious Randle, Jr., M.D., Aff. ¶ 5.  Second, Plaintiff contends that Mr. Shackelford's law firm was undergoing personnel changes, which delayed the mailing of Plaintiff's formal complaint.  Shackelford Aff. ¶ 5 (explaining that the formal complaint was not timely mailed "due to an error by [his] staff"); Amora Linscomb, Legal Secretary, Shackelford & Associates, Aff. ¶¶ 2-4.  Plaintiff additionally argues that Defendant was on notice of his race and age discrimination claims, and that Defendant made no offer of resolution to resolve the dispute.

Plaintiff's purported justifications for equitable tolling are unavailing.  First, Mr. Shackelford's affidavit indicates that the problem with his right eye occurred "after preparing [Plaintiff's] EEO complaint."  Shackelford Aff. ¶ 3.  This appears to be accurate, as Plaintiff's investigative affidavit that accompanied his EEO complaint bears a date of January 13, 2004.  Having completed the formal EEO complaint, the only task remaining to Mr. Shackelford was to place the complaint in the mail.  While Mr. Shackelford may have been restricted from performing any work himself during this time,[3] Plaintiff has failed to explain why the complaint could not have been timely mailed by a member of Mr. Shackelford's staff or by Plaintiff himself.  Instead,  Plaintiff attempts to excuse the ten-day delay in mailing the complaint on the basis of office reorganization and confusion.  Such "excusable neglect" is insufficient to justify equitable tolling.  *See, e.g.*, *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002).

Moreover, that Defendant had notice of Plaintiff's claims and made no offer of resolution does not nullify the administrative requirements of 29 C.F.R. § 1614.105, nor does it justify equitable tolling.  Rather, equitable tolling applies only in "rare and exceptional circumstances . . . . most frequently where the plaintiff is actively misled by the defendant about the cause of action

---

[3] As Defendant notes, however, Mr. Shackelford signed Plaintiff's formal EEO complaint on January 16, 2004, which casts doubt upon his claim that he was unable to work during the seven business days beginning January 13, 2004.

or is prevented in some extraordinary way from asserting his rights." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (internal citation and quotations omitted). Plaintiff has failed to show that Defendant misled him about his cause of action or the deadline for filing his formal EEO complaint, nor has Plaintiff demonstrated the existence of any other exceptional circumstances. Accordingly, equitable tolling does not apply here, and Plaintiff's claims are **DISMISSED** for his failure to timely exhaust his administrative remedies.

### III. Motion for Summary Judgment

#### *A. Summary Judgment Standard*

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material facts exists if a reasonable jury could enter a verdict for the nonmoving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Id.*

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and "mandates the entry of summary judgment" for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party shows that there is a lack of evidence to support the nonmoving party's claims, the nonmoving party "must go beyond the pleadings and designate specific facts showing that there

is a genuine issue for trial." *Kee*, 247 F.3d at 210 (quotation omitted). The nonmovant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

## *B. Jurisdiction under 42 U.S.C. § 1983*

Plaintiff's Complaint asserts jurisdiction under 42 U.S.C. § 1983, in addition to Title VII and the ADEA. As Defendant correctly points out, however, Title VII and the ADEA provide the exclusive remedies for race and age discrimination claims, such as those brought by Plaintiff. *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) ("[T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees."); *Paterson v. Weinberger*, 644 F.2d 521, 524 (5th Cir. 1981) ("[T]he ADEA became the exclusive remedy for age discrimination in federal employment.") Plaintiff does not dispute this. Accordingly, the Court cannot assert jurisdiction over or consider Plaintiff's claims on the basis of 42 U.S.C. § 1983. This has little practical import on this case, however, as Plaintiff has stated valid claims of jurisdiction under Title VII and the ADEA.

## *C. Adverse Employment Action*

To establish a prima facie case of race or age discrimination, Plaintiff must prove that: (1) he is a member of a protected class; (2) he was qualified for the position that he held; (3) he suffered an adverse employment action; and (4) either he was replaced by someone outside of the protected class, or others similarly situated were treated more favorably. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (Title VII discrimination claim); *Ross v. Univ. of Tex. at San Antonio*, 139 F.3d 521, 525 (5th Cir. 1998) (ADEA discrimination claim). The Fifth Circuit has adopted a "strict interpretation" of the adverse employment action element of a prima facie discrimination case, holding that adverse

employment actions must consist of "ultimate employment decisions," such as hiring, granting leave, discharging, promoting, and compensating. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). A demotion or reassignment accompanied by a "major change" in compensation, duties, and responsibilities would also constitute an ultimate employment decision. *Id.* at 282 n.8.

In the Fifth Circuit, the following actions do not amount to ultimate employment decisions: orally threatening to fire an employee, reprimanding her, and placing her on "final warning," *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1997); refusing to allow an employee to attend a training conference, giving her incorrect information regarding work tasks, requiring her to get manager approval on her written work product, and criticizing her work to government vendors, *Dollis v. Rubin*, 77 F.3d 777, 779-82 (5th Cir. 1995); changing locks, restructuring office procedures, clarifying job duties, and issuing reprimands, *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 657-58 (5th Cir. 2002); assigning an employee to a less desirable shift and giving formal discipline, *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 394 n.2 (5th Cir. 2000); and changing work schedules and adding job tasks, *Watts v. Kroger Co.*, 170 F.3d 505, 511 (5th Cir. 1999).

Plaintiff claims in his Complaint that he was demoted and reassigned from his position as Postmaster at the Pasadena Post Office to a member of a "Function Four Team." In his response to Defendant's motion for summary judgment, Plaintiff contends that this reassignment constituted an adverse employment action. Although a reassignment can, in some circumstances, constitute an ultimate employment decision, Plaintiff has failed to present any evidence showing that he suffered an ultimate employment decision in this case.

First, as Plaintiff himself acknowledges, "Defendant notified Plaintiff that he *would be* reassigned from his [p]osition as Postmaster, Pasadena Station, to a *temporary* detail to the 'Function Four Team.'"  Pl.'s Resp. at 4 (emphasis added).  Thus, although Defendant notified Plaintiff that it was planning to reassign him temporarily, Plaintiff was never actually placed into the temporary position, but instead chose to go on sick leave.  *See also* Sylvester Aff. ¶¶ 7-9.  Plaintiff's notification of the planned reassignment is therefore akin to oral threats of termination, which do not constitute an ultimate employment decision.  *Mattern*, 104. F.3d at 708.  Additionally, that Plaintiff's reassignment was to be a temporary one demonstrates that, at most, the reassignment was an event that might have jeopardized his employment with Defendant in the future.  Such actions, which are "at most tangential to future decisions that might be ultimate employment decisions," do not themselves constitute ultimate employment decisions.  *Id.* (internal quotation omitted).

Second, although Plaintiff argues that, "[c]learly, being stripped of the duties and responsibilities of a Postmaster is a significant change in the level of Plaintiff's position responsibilities," he has provided no support whatsoever for this claim.  Pl.'s Resp. at 4.  Plaintiff fails to set forth the duties, responsibilities, or compensation of either his position as Postmaster, or the position on the Function Four Team.  Plaintiff similarly fails to demonstrate a single change in duties, responsibilities, compensation, or benefits between the two positions.  On the contrary, Mr. Sylvester has testified that the assignment "was not a demotion, and it involved no reduction in pay or benefits."  Sylvester Aff. ¶ 7.  In the absence of some evidence of a substantial change in compensation, duties, or responsibilities, Plaintiff's proposed reassignment cannot constitute an ultimate employment decision.  *Pegram*, 361 F.3d at 282 n.8.

9

Plaintiff has failed to designate any specific facts demonstrating that he suffered an adverse employment action. Plaintiff's lack of evidence to support this element of his prima facie discrimination case warrants a summary judgment for Defendant as to Plaintiff's claims of discrimination under Title VII and the ADEA.

## IV. Conclusion

Defendant's motions to dismiss and for summary judgment are **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** this 6th day of June, 2006.

                                        KEITH P. ELLISON
                                        UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**